**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGE PEARSON, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO: 8:06-CV-1153-T-30MSS
Criminal. Case No: 8:03-cr-343-T-30MSS

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on June 21, 2006, and two Supplements thereto (CV Dkt. #4 and #6), and the Government's Response (CV Dkt. #11). Upon review of the briefs and the proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears that Petitioner is entitled to no relief.

**Factual Background**

Petitioner, GEORGE PEARSON, JR. (hereinafter referred to as "Pearson" or "Petitioner") was indicted along with Gerald Wright and Terrell Wright for conspiring to possess fifty grams or more of cocaine base (crack cocaine) and a quantity of cocaine with

---

[1] See case number 8:03-CR-343-T-30MSS.

the intent to distribute them, in violation of 18 U.S.C. §2 and 21 U.S.C. §§846 and 841(a)(1), (b)(1)(A)(iii), and (c) (Count One), and possessing crack cocaine with the intent to distribute it, in violation of 21 U.S.C. §841(a)(1) and (c) (Count Three).[2]

The Government gave Petitioner a deadline within which to plead guilty if he chose to do so, failing which an enhancement would be filed pursuant to 21 U.S.C. §851 setting forth the existence of Petitioner's prior felony drug conviction and increasing his potential sentence to a minimum mandatory twenty years to life. Petitioner failed to plead guilty by the deadline.

On the day of trial, Petitioner changed his mind and pled guilty to Counts One and Three without a plea agreement. Co-defendant Terrell Wright also pled guilty. Co-defendant Gerald Wright proceeded to trial alone and the jury found him guilty of both Counts.

After the trial, Pearson moved to withdraw his guilty plea. The Magistrate Judge recommended that this Court deny Petitioner's motion and this Court adopted that recommendation. At Petitioner's sentencing, Pearson's lawyer asked the Court to not apply the §851 enhancement based on the Court's discretion. Reluctantly, the Court concluded that it had no discretion to depart below a statutory minimum mandatory. The Court applied the enhancement and sentenced Petitioner to the minimum of twenty years' imprisonment.

Petitioner filed a direct appeal to the Eleventh Circuit raising only the following issue:

---

[2] The Court notes that the recitation of the statutes in Count One includes a reference to aiding and abetting. This reference is superfluous to the conspiracy charge.

> Appellant's plea must be vacated and his conviction reversed, as he pled guilty unknowingly and unintelligently, and the District Court erred in refusing the Appellant to withdraw the guilty plea.

The Eleventh Circuit affirmed Petitioner's conviction and sentence on June 13, 2005. This motion and the two supplements were thereafter timely filed by Petitioner.

## **Discussion**

In his Petition and two supplements, Petitioner raises four grounds for relief, three claiming ineffective assistance of counsel and the fourth claiming selective enforcement. More specifically, the grounds are:

1. Counsel was ineffective for failing to challenge whether Count One properly charged the essential elements of aiding and abetting.

2. Counsel was ineffective for failing to challenge the 21 U.S.C. §851 enhancement for a prior state felony drug conviction.

3. Counsel was ineffective for failing to move to dismiss Count One of the Indictment because it is an open-ended Indictment missing a necessary element, to wit: the time span of the conspiracy.

4. Petitioner's arrest and prosecution violated his constitutional right to equal protection "based on the manner in which the Clearwater Police Department has enforced the Federal Weed and Seed Program against blacks in the City of Clearwater while allowed (sic) those similarly situated whites to enjoy those rights guaranteed to all citizens under the Tenth Amendment."

Petitioner ably and adequately describes the standard he must meet to obtain relief on an ineffective assistance of counsel claim. On pages five and six of his Memorandum, he describes the standard as follows:

> To establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an

objective standard of reasonableness." **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. **Id.** at 689; see also **Lancaster v. Newsome**, 880 F.2d 362, 375 (11th Cir. 1989). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." **Hagins v. United States**, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." **Strickland**, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. **Hill v. Lockhart**, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In applying the **Strickland** components outlined above, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies ....If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." **Smith v. Wainright**, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome...." **Id.** at 616 (citing **Strickland**, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "attorneys errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors have some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." **Butcher v. United States**, 368 F.3d 1290, 1293, 95 Fed. Appx. 1290 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion--through the presumption is not insurmountable--is a heavy one." **Fugate v. Head**, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." **Waters v. Thomas**, 46 F.3d 1506, 1512 (11th Cir. 1995)(en banc). "Cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." **Id.** at 1511.

In grounds one and three, Petitioner contends his counsel was ineffective for failing to do certain things before he entered his guilty plea. Specifically, he claims that his counsel was ineffective for failing to challenge whether Count One properly set forth the essential elements of aiding and abetting[3] and failing to dismiss the Count because it failed to allege a specific beginning date for the conspiracy. But Petitioner waived these arguments when he pled guilty to the conspiracy charge.

Pleading guilty necessarily admits the commission of the crime and waives all non-jurisdictional challenges to the constitutionality of the conviction. This waiver includes ineffective assistance of counsel claims that do not involve the decision to plead guilty. Only an attack on the voluntary and knowing nature of the plea can be sustained. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) citing Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. Unit B 1981). Further, as the Eleventh Circuit explained in Tiemens v. United States, 728 F.2d 928, 929:

> In *Tollet v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973), the Supreme Court reaffirmed that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." It has thus been held that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.

---

[3] As mentioned earlier, Count One was a conspiracy charge and the reference to aiding and abetting was mere surplusage.

Since ground one and ground three raised constitutional issues occurring before the entry of his guilty plea, they will be denied pursuant to the above-cited authority.

In ground two, Petitioner argues that his counsel was ineffective for not challenging his 21 U.S.C. §851 enhancement. His argument is, since his prior conviction happened during the conspiracy period for which he was convicted in this case, it cannot be used as a prior conviction to support a §851 enhancement. This argument was specifically addressed and rejected by the Eleventh Circuit in United States v. Hansley, 54 F.3d 709 (11th Cir. 1995). The purpose of the enhancement is to target recidivism by punishing criminal activity that occurs after a defendant's conviction. Where a defendant continues to engage in drug related conspiratorial activity after a conviction, that conviction may be used to enhance the defendant's sentence for a drug conspiracy even where the conviction resulted from criminal conduct taken in furtherance of the conspiracy. Hansley at 717. Because Petitioner's second ground is directly contrary to the law, it will be denied.

In his fourth ground, Petitioner argues that his arrest was a result of a selective enforcement of the law by the Clearwater Police Department in violation of his constitutional right to equal protection. Petitioner fails to describe his claim with any factual specificity other than merely adapting the arguments of others. The Court will not dwell on this failure since this ground fails for other reasons: it is both procedurally defaulted and has been waived.

A claim that an arrest and trial are in violation of one's constitutional rights must be raised in the trial proceedings and on direct appeal or they will be procedurally defaulted.

Bousley v. United States, 523 U.S. 614 (1998). Here, Petitioner did not raise this claim at either the trial or the appellate level. The claim is therefore procedurally defaulted unless Petitioner establishes cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). He has neither shown cause nor claimed actual innocence. Therefore, the claim is procedurally defaulted.

Even had the claim not been procedurally defaulted, Petitioner waived the claim by pleading guilty. As stated above, a guilty plea waives all non-jurisdictional constitutional claims arising before the entry of the plea, including his claim that his right to equal protection was violated by selective enforcement.

For these reasons, ground four will be denied.

## **Conclusion**

For the foregoing reasons, the Motion is found to be without merit and will be denied. No evidentiary hearing is necessary.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#166, in the underlying criminal case, case number 8:03-cr-343-T-30MSS.

**DONE** and **ORDERED** in Tampa, Florida on November 8, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-1153.deny 2255.wpd