**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                                                                 **Case No. 8:03-cr-343-T-30TBM**

**GEORGE PEARSON, JR.,**

     **Defendant.**

                               /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's **Motion to Request for Leave to Appeal in Forma Pauperis with District Court** (Doc. 309). Defendant has filed a Notice of Appeal (Doc. 307) of the Court's Order (Doc. 306) of March 24, 2017, denying his motion for a sentence reduction under Amendment 782 to the United States Sentencing Guidelines (USSG). By the instant Motion, Defendant attests he is incarcerated, unemployed, and without sufficient money or assets to pay the fees and costs of an appeal.[1] The government has not yet filed a response but such is unnecessary. As explained below, I **RECOMMEND** that the Motion be **DENIED**.

**I.**

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*,

---

[1]The record reflects that Defendant previously was represented by counsel appointed under the CJA. (Doc. 28). Additionally, the Federal Public Defender (FPD) was appointed to represent him for the purposes of the Amendment 782 proceedings. (Doc. 303).

2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the

Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and
>
> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a). Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets such
> prisoner possesses that the person is unable to pay such fees or
> give security therefor. Such affidavit shall state the nature of
> the action, defense or appeal and affiant's belief that the person
> is entitled to redress.
>
>              \*\*\*
>
> An appeal may not be taken in forma pauperis if the trial court
> certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Thus, two requirements must be satisfied for a party to prosecute

an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party

previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in

good faith.

## II.

Before addressing the Motion, a brief overview of the course of proceedings is useful.

Defendant was indicted in August 2003 for conspiring to possess with intent to distribute fifty

grams or more of cocaine base and for possessing with intent to distribute cocaine base. (Doc.

1). In November 2003, he pleaded guilty to both counts. (Docs. 66, 67). On March 15, 2004,

Defendant moved to withdraw his plea of guilty. (Doc. 97). After a hearing and issuance of a

report and recommendation, the Court denied Defendant's motion to withdraw his plea of guilty.

(Doc. 117). On July 2, 2004, Defendant was sentenced to 240 months' incarceration in

accordance with the advisory sentencing guidelines. (Doc. 119). Defendant appealed the

Judgment. (Doc. 121). In July 2005, the Eleventh Circuit affirmed the decision of the district

court.[2] (Doc. 161).

---

[2]Several attempts at sentence reduction followed. In June 2006, Defendant initiated a
civil proceeding seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

By Memorandum dated October 26, 2016, the U.S. Probation Office concluded that Defendant was ineligible for a sentencing reduction under Amendment 782 because his sentence had been enhanced to a twenty-year mandatory minimum term of incarceration (by reason of a prior drug conviction).  (Doc. 298).

On October 27, 2016, Defendant received a grant of executive clemency commuting his total sentence of imprisonment to expire on October 17, 2018.  (Doc. 299).

On March 10, 2017, Defendant filed his *pro se* motion for a sentence reduction under Amendment 782 and for appointment of counsel.  (Docs. 300, 301).  He argued that he was no longer bound by the statutory penalty due to the executive clemency and now fell under guidelines calling for 70 to 87 months.  The motion for appointment of counsel was granted, and the FPD was appointed to assist him.  (Doc. 303).  On March 22, 2017, the FPD filed its Notice stating that based upon its diligent and thorough review of the record, it could not in good faith argue that Defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 because, although Defendant received executive clemency, it did not change the

---

§ 2255.  *See* Case No. 8:06-cv-1153-T-30MSS.  (Doc. 166).  Defendant was unsuccessful, and the habeas proceeding concluded in January 2008.  (Doc. 40).

In January 2009, Defendant was found ineligible for a reduction in sentence under Amendment 706 – the Retroactive Crack Cocaine Amendment – because his guideline range was determined by a mandatory minimum rather than a particular drug quantity.  (Doc. 205). Defendant appealed.  (Doc. 212).  In January, the finding was upheld on appeal.  (Doc. 224).

In February 2011, Defendant was found ineligible for a reduction in sentence under the Fair Sentencing Act of 2010 because it did not apply retroactively to crimes committed prior to its effective date.  *See* (Docs. 236, 241).

In July 2013, Defendant was found ineligible for a reduction in sentence, pursuant to Amendment 750 and the Fair Sentencing Act of 2010.  (Doc. 279).  Defendant appealed. (Doc. 280).  In February 2014, the finding was upheld.  (Doc. 291).

statutory mandatory minimum sentenced imposed. (Doc. 305 at 2). The Court's Order denying Defendant's motion followed. (Doc. 306).

Here, Defendant satisfies the first requirement. Nonetheless, the Motion should be denied on substantive grounds. Construed liberally,[3] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[4] Simply stated, Defendant asserts no arguable, good faith basis to appeal the Court's Order denying his motion for a sentencing reduction under Amendment 782. Although Defendant received a commutation of his sentence by way of executive clemency, it does not change the statutory mandatory minimum sentence imposed. Accordingly, a reduction in the term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Motion and I find his appeal both frivolous and lacking good faith.

**III.**

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Defendant's **Motion to Request for Leave to Appeal in Forma Pauperis with District Court** (Doc. 309) on grounds that the appeal is frivolous and certify that the appeal is therefore not

---

[3]The court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[4]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

taken in good faith. It is **RECOMMENDED** further that the Clerk be directed to notify the

Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of

Appellate Procedure.

Respectfully submitted this
5th day of May 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to this Report and Recommendation within fourteen

(14) days from the date of its service shall bar an aggrieved party from attacking such Report and

Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B);

M.D. Fla. R. 6.02.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of Record
Pro se Defendant